Filed 2/2/23  In re L.V. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re L.V., a Person Coming Under the Juvenile Court Law. | C096476 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A.E., <br><br> Defendant and Appellant. | (Super. Ct. No. JD239127) |

Appellant A.E., mother of the minor, appeals from the juvenile court's orders terminating her parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother contends the Sacramento County Department of Child, Family

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

and Adult Services (Department) and the juvenile court failed to comply with the initial inquiry requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California law.  She further urges we should not find the error harmless, recognizing the various standards which have recently been applied to such errors.

The Department does not dispute the inquiry in this case was inadequate under section 224.2, subdivision (b), and does not oppose a conditional affirmance with instructions for compliance with the ICWA.  The only investigation or inquiry into mother's possible Indian heritage apparent on the record is the Department's statement that mother gave the Department no reason to believe the minor was an Indian child during a pre-detention interview and the juvenile court's reference to mother's ICWA-020 form, which is not included in the appellate record.  On this basis, the juvenile court found the minor was not an Indian child within the meaning of the ICWA.  We shall accept the Department's concession.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings.  [Citations.]  A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.)  The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).)  The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child.  (§ 224.2, subd. (a); Cal. Rules of Court, rule 5.481(a).)

Due to changes in California law over the past few years, agencies now have a broader duty of inquiry and a duty of documentation (§ 224.2, subd. (b); Cal. Rules of

2

Court, rule 5.481(a)(5)), and courts have been tasked with determining how to assess error when the agency fails to discharge its now-broad duty of inquiry. We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.) Not every error by an agency in discharging its duties under section 224.2, subdivision (b) will undermine the court's ICWA finding under section 224.2, subdivision (i)(2), but the court's ability to exercise discretion in this regard is dependent on adequate record development by the agency. Agencies have often conceded error and, therefore, disposition of the issue on appeal has often turned on whether the error was prejudicial.

Although reviewing courts have generally agreed that reversal is dependent on showing prejudice, or a miscarriage of justice, approaches for assessing prejudice have varied. (See, e.g., *In re E.V.* (2022) 80 Cal.App.5th 691, 698; *In re Dezi C.* (2022) 79 Cal.App.5th 769, 776-786, review granted Sept. 21, 2022, S275578; *In re J.C.* (2022) 77 Cal.App.5th 70, 80; *In re A.C.* (2021) 65 Cal.App.5th 1060, 1069; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744; *In re G.A.* (2022) 81 Cal.App.5th 355, 362-365, review granted Oct. 12, 2022, S276056.)

Recently, the California Supreme Court granted review in *In re Dezi C., supra*, 79 Cal.App.5th 769, and we anticipate further clarification on this issue. Until such time, we accept the Department's concession of error. In light of the Department's concession, the undeveloped record, and the remedial purpose underlying the ICWA and related California law intended to protect third party rights, we apply the analytical framework set forth by the California Supreme Court in *In re A.R.* for assessing harm, and we conclude the error is prejudicial. (*In re A.R.* (2021) 11 Cal.5th 234, 252-254.) Neither the Department nor the court gathered information sufficient to ensure a reliable finding that ICWA does not apply, and remanding for an adequate inquiry in the first instance is the only meaningful way to safeguard the rights at issue. (*Ibid*.) Accordingly, we

3

conditionally reverse the juvenile court's finding that ICWA does not apply and remand for further proceedings consistent with this opinion.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject only to full compliance with the ICWA. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).) On remand, the parents shall have counsel reappointed and be provided due process, including notice and the right to be heard, for all ICWA compliance proceedings.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HULL, Acting P. J.

/S/

_____

McADAM, J.[*]

_____

[*] Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4